```
DANIEL J. BRODERICK, Bar #89424
Acting Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California  95814
Telephone (916) 498-5700


Attorney for Defendant
JEREMY FLINN
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-S-05-314 PAN GEB |
| Plaintiff, ) | |
| v. ) | **AMENDED PROTECTIVE ORDER** |
| JEREMY FLINN, ) | |
| Defendant. ) | |

This cause is before the Court on Defendant's Motion for Discovery of Certain Items Pursuant to Rule 16 and for a Protective Order.  The parties, the United States of America, by Assistant United States Attorney Carolyn Delaney, by his attorney, Acting Federal Defender Daniel J. Broderick, have consulted and agreed to entry of the following Order concerning discovery in this matter.

**IT IS HEREBY ORDERED THAT:**

1. The government shall provide the defense team with a bit by bit (also known as mirror image) copy of the Compaq Presario computer with a 10 GB Maxtor hard drive, the Seagate hard drive, the 20 GB Maxtor hard drive, the 26 GB Samsung hard drive; Maxtor DiamondMax

1  Plus 9 120 GB hard drive from "Compaq"; and the Omega zip drive seized
2  from defendant's home, along with any software that includes disks
3  and/or CDs, videos, pictures and e-mail message logs.  If necessary,
4  defendant will provide the blank computer media for copying of same.
5         2.   The hard drive may be used by the defense team subject to
6  the terms of this Protective Order.
7         3.   All such identified matter shall be kept by the defense
8  team in a locked, secure place accessible only to the defense team.
9  The following individuals may examine this material:  (a) any member of
10 the defense team; (b) the defendant, with counsel present; and (c) any
11 expert retained by the defendant to assist in the defense of this case.
12        4.   All individuals who receive access to the materials
13 pursuant to this Protective Order, prior to receiving access to the
14 materials, shall sign a copy of this Protective Order, acknowledging
15 that:  (a) they have reviewed the Protective Order; (b) they understand
16 its contents; (c) they agree that they will only access the digital
17 media for the purposes of preparing a defense for defendant; (d)  they
18 will not make copies of any images within the digital media
19 inconsistent with this Order without further order of the Court; (e)
20 they will not access the digital media from any computer that is
21 connected to the Internet or any local network; and, (f) they
22 understand that failure to abide by this Protective Order will result
23 in sanctions by the Court and may result in state or federal criminal
24 charges for possession or dissemination of child pornography or obscene
25 materials.
26        5.   Defense counsel shall be permitted to transfer these
27 materials to any forensic expert retained in this case by common
28

U.S. v. Flinn
CR-S-05-314 PAN GEB
Protective Order                     2

carrier such as Federal Express or United Parcel Service and the forensic expert may return them by the same means.

6. Counsel for the defendant shall promptly file signed copies of this Protective Order.

7. All materials shall be maintained by defense counsel, and shall be used by counsel and any members of his staff and/or expert witness solely and exclusively in connection with this case (including trial preparation, trial and appeals or other related legal proceedings) and for no other purposes.

8. None of the materials shall be copied, printed, electronically mailed, or in any way reproduced, distributed or disseminated absent a specific order of this Court, except that copies may be made for the exclusive purpose of generating exhibits for use at trial.

9. Any computer used to view or analyze the mirror images shall be a "stand alone" computer, that is, not connected to any computer network.  Neither the mirror image nor any computer to which it is connected shall be accessible to the Internet, and not be accessible by any wireless device(s) including infrared devices, wireless network devices, or other similar equipment.

10. At the conclusion of this case, the defense team shall return the materials to the government so that they may be destroyed. The hard drives and any other media previously provided by the defense team for "mirrored" copies shall be returned to the government by the defense team for erasure.  Thereupon, the erased hard drives and other media shall be returned to the defense team.

11. Defendant reserves the right to renew his motions and/or seek to modify these procedures should an issue arise. The government reserves the right to object to any modification of these procedures, or to seek a modification in these procedures should an issue arise.

12. The parties agree that time will continue to be excluded under 18 U.S.C. § 3161(h)(8) because of the complexity of the factual investigation involved that is required to permit defendant to analyze the aforementioned materials.

13. A copy of this Order shall be kept with the aforementioned materials at all times.

14. The defense team is hereby protected from prosecution while possessing the aforementioned materials because the government has alleged that the defendant's computer hard drive and software, including disks and/or CD Roms contain contraband material and the defense team would necessarily have to view and to possess such contraband while they inspect and examine the aforementioned materials. However, no member of the defense team is protected from prosecution for intentionally violating this Order. An intentional violation of this Protective Order may result in sanctions and/or prosecution of persons who possessed, received, copied or distributed contraband (that is, pornography or obscene materials).

Dated: 2/24/06

/s/ Gregory G. Hollows **
_____
United States Magistrate Judge

** By the terms of this protective order, the undersigned will toll the Speedy Trial Act based on defense counsel investigation of the to-be-produced computer information only up and through the presently scheduled trial confirmation date of April 14, 2006. However, this order does not affect orders, entered prior to entry of this order, which may have tolled the Act further than this date, nor does it purport to affect future tolling orders.

U.S. v. Flinn
CR-S-05-314 PAN GEB
Protective Order                    4

```
 1  Dated:  February 21, 2006
                                        /s/ Daniel J. Broderick
 2                                      _____
                                        DANIEL J. BRODERICK (original
 3                                      signed copy in Defender's file)
                                        Acting Federal Defender
 4
    Dated:  February 21, 2006
 5                                      /s/ Julie Denny
                                        _____
 6                                      JULIE DENNY (original signed copy
                                        in Defender's file)
 7                                      Paralegal

 8
    Dated:  February 21, 2006
 9                                      /s/ Karen Sanders
                                        _____
10                                      KAREN SANDERS (original signed
                                        copy in Defender's file)
11                                      Computer Systems Administrator

12  flinn.ord
```

U.S. v. Flinn
CR-S-05-314 PAN GEB
Protective Order                                5